Irvin Frank BENNING, Appellant,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Appellee.

No. 88–18.

Supreme Court of Iowa.

June 14, 1989.

Rehearing Denied July 13, 1989.

Joseph G. Bertogli, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Ted Metier, Asst. Atty. Gen., Ames, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Petitioner for judicial review, Irvin Frank Benning, has appealed from an order of the district court upholding the action of the respondent, Iowa Department of Transportation, revoking his privileges to operate a motor vehicle. The agency ordered the revocation pursuant to Iowa Code section 321J.9 (1987) based on a certification that petitioner had refused to take a chemical test in violation of the implied consent statutes. Petitioner requested an administrative hearing pursuant to Iowa Code section 321J.13 (1987) to contest the revocation. This resulted in a final agency order sustaining the revocation. That order was affirmed by the district court.

Petitioner's appeal was considered by the court of appeals. That court rejected petitioner's contention that the arresting officer did not have reasonable grounds to stop his moving vehicle or to request a chemical test. We believe that this claim was properly rejected as the issue turned on the credibility of the arresting officer's testimony, which, if believed by the agency, was sufficient to justify the action which was taken.

Petitioner also urged before the agency, the district court, and the court of appeals that the revocation should be rescinded based on the results of a privately administered chemical test which revealed a blood alcohol concentration of .043. The court of appeals rejected that contention. It held that, whatever results might have been revealed by the privately administered chemical test, that circumstance could not excuse petitioner's refusal to submit to the implied-consent chemical test requested by the officer. Notwithstanding that conclusion, the court of appeals found that the agency improperly failed to consider the privately obtained chemical test on the issue of reasonable cause to stop petitioner's moving vehicle. Based upon this perceived infirmity in the agency's fact-finding process, the court of appeals ordered reconsideration of the "reasonable cause to stop" issue. We granted further review of the court of appeals decision.

Our review of the proceedings both before the agency and the district court reveals that the question of whether the arresting officer had reasonable cause to stop petitioner's vehicle and invoke the implied consent procedure was contested on the basis of petitioner's demeanor and the manner in which he was operating a motor vehicle. No suggestion was made before the agency or the district court that the results of the privately administered chemical test had a bearing on the validity of the investigative stop. Moreover, no such claim is contained in petitioner's brief on this appeal. The reliance which petitioner has placed on the privately administered chemical test for purposes of this appeal has been directed entirely toward his claim that those test results should excuse his refusal to take the test mandated by the implied-consent law.

The court of appeals decided the case on an issue not presented to the agency, to the district court, or on appeal. As such, we believe it exercised an impermissible scope of judicial review. See Hubby v. State, 331 N.W.2d 690, 694 (Iowa 1983); In re Marriage of Stickle, 408 N.W.2d 778, 782 (Iowa App.1987). For this reason, we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All Justices concur except SNELL, J., who concurs specially.

SNELL, Justice (concurring specially).

Petitioner challenges the legality of the revocation of his driver's license by claiming the arresting officer did not have reasonable grounds to believe that a violation of section 321.J.2 had occurred. That section prohibits operating a motor vehicle while having an alcohol concentration of .10 or more.

Petitioner asserts the revocation was improper because a privately administered chemical test showed that his blood alcohol concentration was only .043. Even assuming the accuracy of this evidence it has no relevance to the issue here. Whether the arresting officer had reasonable grounds to believe petitioner was violating the statute is the focus of inquiry, not whether in fact the statute was violated. I would affirm the district court.